**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEEPAK KUMAR MALI, | No. 13-70428 |
| Petitioner, | Agency No. A089-303-434 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2015[**]
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and BEA, Circuit Judges.

Petitioner Deepak Kumar Mali ("Mali") petitions for review of the Board of

Immigration Appeals' decision affirming denial of his application for asylum and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal.[1]  The immigration judge ("IJ") determined Mali was not credible because his representations concerning his anti-Maoist political activism in Nepal could not be reconciled with his lack of knowledge about Nepalese politics and the organizations to which he claimed to belong.  The Board of Immigration Appeals ("BIA") subsequently affirmed on these grounds.  We have jurisdiction under 8 U.S.C. § 1252(a)(5).

I

To obtain reversal under the substantial evidence standard, a petitioner must demonstrate "the evidence . . . was so compelling that no reasonable factfinder could fail to find" in his favor.  *INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992).  Mali has not met this demanding standard.

Mali claimed that he was raised in a politically active family and had been participating in political demonstrations supporting the anti-Maoist party as early as 1990, yet he did not know his party achieved a majority in parliament for the first time in 1991.  Even more disturbingly, although Mali told the asylum officer that he could vote in 1999 and that he even helped distribute pamphlets for the party's candidates that year, he could not remember the name of their local

---

[1]  Mali does not challenge the BIA's determination that he is ineligible for relief under the Convention Against Torture; thus, the claim is waived.  *See Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008).

candidate—and even named the opposition candidate as the one he supported. The IJ also determined that Mali did not sufficiently explain his failure to list his political membership on his visa application—a conclusion that Mali does not challenge on appeal. The record amply supports the IJ's adverse credibility determination.

Mali argues that the BIA failed to provide him with a reasonable opportunity to explain inconsistencies in his testimony. But unlike the cases cited by Mali, there is no indication the IJ refused to consider his testimony or refused him an opportunity to clarify his story. Moreover, even assuming that Mali testified consistently concerning his altercations with Maoists, the Real ID Act specifically instructs that the IJ may consider "any inaccuracies . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim" when assessing credibility. 8 U.S.C. § 1158(b)(1)(B)(iii). The BIA determined that Mali's lack of knowledge of the political organizations in which he claimed membership and changing characterizations of his political activism were sufficient to undermine his credibility. Mali has not shown any "extraordinary circumstances" that would "justify overturning [that] adverse credibility determination." *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005).

**PETITION DENIED.**

3